## M. HARDIN'S EXR. ET AL v. JOSH. WILLIS ET AL.

**Executors and Administrators—Charges and Credits in Accounting and Settlement.**

It is error to charge against the whole assets of an estate, amounts enjoined by particular distributees. Such items should be included in the particular shares interest, but not in the general assets, thereby reducing the proportionate amount due those not concerned in the litigation.

APPEAL FROM WASHINGTON CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE WILLIAMS:

George Smith died intestate leaving four brothers and sisters and their descendants as his heirs and distributees, Mrs. Hardin, wife of M. Hardin, deceased, being a sister.

The slaves of the estate were sold and Willis as receiver settled with M. Hardin for his share as witnessed by his receipt of October 25, 1848, for $453, in full, so that the proceeds of the negroes need not be further noticed in this decision.

The matters having been litigated as between the heirs were referred to a commissioner who reported

Assets in hands of administrator consisting of various items to ................... $5,333.29

From which it seems there should be deducted the second item being "amt. perpetuated on injunction by decree July 22, 1846, in case of Turner Smith vs. Willis ...........$275.21

Int. to March 22, 1856 ........... 150.07—    434.28

Leaving ................... ...............$4,899.01

It may have been right to charge Turner Smith with the amount of his perpetual injunction against Willis, but it was improper to charge it as part of the assets in Willis' hands.

The administrator, however, is only charged with three-fourths of the replevin bond for land as Turner Smith one-fourth was "scaled off;" the amount of the three-fourths of this bond is reported

by the commissioner at .........$1,170.00

Add the remaining ⅛ for T. Smith..    390.00

would make the bond ........$1,560.00
which when added to the other assets makes the estate ...............................$6,459.00

From which deduct the administrator's proper credits.    1st, for fee bills, &c., on the land litigation on said replevin bond ..... $94.45

2d. Interest on 2-3 of the amount or replevin bond retained 4 months .............$14.35

3d., F Vouchers from Nos. 1 to 21 ...$667.68

4, For commission allowed on $3597.82 $79.89
5, Allowance for other services in the litiga-
tion of the estate ................. $350.00

Making ............. ............ $1,206.37
And leaves for distribution .................. $5,252.63
M. Hardin's 1-4 of which is ............... ..... 1,313.16

To be credited by his receipt as follows: ·
   1 dated Oct. 18, 1852, for .......... $546.11
   Int. to March 10, 1856 ........... 111.04
   2 dated April 17, 1855 ............ 257.06
   Int. to same time ................. 13.85
   3 dated Oct 18, 1853 ............. 12.50
   Int. to same time ................. 2.54
   4 dated Nov. 22, 1855 ............. 300.00
   Int. to same time ................. 5.40

Making ...... ............ ................ $1,249.50
leaving a remainder of ...................... $63.66
due after deducting M. Hardin's receipts.

It may have been right to have charged the proper shares with
the sums enjoined by Crawford and McKitrick, but it was palpa-
bly erroneous to charge these against the general assets and thereby
reduce the shares of those not concerned in the injunctions.

Only Hardin's executor and Head, who represents his deceased
mother, Mrs. Hardin, and who survived her husband, M. Hardin,
deceased, have appealed, therefore no other rights are settled. So
far from a judgment against Hardin's executors and Head being
right there should have been one in their favor for $63.66.

Wherefore, the judgment is reversed with directions to render a
judgment for Head of $63.66 with interest from the date of the
commissioner's report.

Judge Hardin did not sit in this case.

*Harlan, for appellants.*

*James, for appellees.*